IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Valentine Rosi,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et. al,<br><br>    Respondents. | No. CV-06-1920-PHX-JWS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents have filed an Answer arguing that the Petition should be dismissed as untimely (docket # 6) and, pursuant to the Court's order, a Supplemental Response addressing the merits of Petitioner's claims. (docket # 8) Petitioner has filed a combined Reply. (docket # 9)

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 25, 2001, the State of Arizona charged Petitioner with one count of fraudulent schemes and artifices in violation of A.R.S. § 13-2310, Count 1, and three counts of theft in violation of A.R.S. § 13-1802, Counts 2, 3, and 4. (Respondents' Exh. E[1]) The State alleged that Petitioner had seven historical prior felony convictions. (Respondents' Exh. F) On January 16, 2002, Petitioner filed a motion to proceed *pro se*. (Respondents' Exh. G) After conducting

---

[1] Citations to "Respondents' Exh." are to exhibits attached to Respondents' Answer, docket # 6.

1 a hearing, on January 28, 2002, the court[2] granted Petitioner's motion to proceed *pro se* and
2 directed appointed counsel to serve in an advisory capacity.  (Respondents' Exh. H)  On April
3 23, 2002, Petitioner entered into a written plea agreement pursuant to which he pleaded guilty
4 to Count 1, fraudulent schemes and artifices, and to Count 2, theft. Petitioner also agreed to pay
5 restitution in the amount of $90,050.00. (Respondents' Exh. I)

6       During the change of plea hearing, Petitioner admitted that he had "carefully read the
7 entire plea agreement" and that he voluntarily entered that agreement.  (Respondents' Exh. A
8 at 4-7) He further admitted that he agreed to pay restitution in the amount of $90,050.00 to all
9 of the victims listed in the attachment to the plea agreement. (Respondents' Exh. A at 7) He also
10 admitted the factual basis of the charges including that "pursuant to a scheme or artifice to
11 defraud, . . . he convinced numerous individuals to invest in [his] automobile business by
12 making numerous misrepresentations including promising to repay victims by certain dates. .
13 . ."  (Respondents' Exh. A at 13-14)

14       At a presentence hearing on August 2, 2002, the court found the following aggravating
15 factors: (a) multiple victims were involved, (b) a substantial amount of money was stolen,
16 amounting to $90,050 in restitution; and (c) Petitioner's prior felony convictions involving theft
17 or dishonesty.  (Respondents' Exh. C at 88-90)   Thereafter, the court sentenced Petitioner to an
18 aggravated term of 8 years' imprisonment on Count 1.  (Respondents' Exh. J) On Count 2, the
19 court suspended imposition of sentence and imposed five years of probation to be served after
20 Petitioner's release from prison. (Respondents' Exh. J) The court also ordered Petitioner to pay
21 $90,050.00 in restitution.  (Id.)  Counts 3 and 4 were dismissed in accordance with the plea
22 agreement. (Id.)

23       ***Rule 32 "of-right" Proceeding***
24       By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.

25
26
27    [2] The Honorable Frank T. Galati presided over proceedings in the Arizona Superior Court, Maricopa County.
28

However, he retained his right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. Ariz.R.Crim.P. 32.1, 32.4. On October 28, 2002, Petitioner sought review in a Rule 32 of-right proceeding. (Respondents' Exh. K) On November 20, 2002, the court appointed Petitioner counsel. (Respondents' Exh. L) Counsel filed a notice advising the court that she was unable to find any colorable claim to raise in a Rule 32 petition. (Respondents' Exh. M) On September 4, 2003, Petitioner filed a *pro se* petition alleging that the trial court had violated the Sixth Amendment by not permitting Petitioner to represent himself from the time of his arraignment. (Respondents' Exh. N) On December 22, 2003, the trial court dismissed the Rule 32 proceeding finding that Petitioner had not raised any "colorable claims." (Respondents' Exh. P) On Petitioner's motion, the trial court granted Petitioner until March 15, 2004 to filed a motion for hearing or a petition for review. (Exhibit E attached to Respondents' Exh. U)

On March 12, 2004, Petitioner filed a petition for review by the Arizona Court of Appeals. (Respondents' Exh. Q) Shortly thereafter, on June 24, 2004, the United States Supreme Court issued Blakely v. Washington, 542 U.S. 296 (2004). Thus, Petitioner requested leave to file a supplemental petition raising a Blakely claim. (Respondents' Exh. R) The Arizona Court of Appeals construed Petitioner's request as a motion to stay the appeal while Petitioner returned to the trial court to raise a Blakely claim. (Respondents' Exh. R) Thus, the Court of Appeals stayed the appeal and remanded the matter to the Superior Court to permit Petitioner to raise a Blakely claim. (Id.)

Accordingly, on November 2, 2004, Petitioner filed a supplemental petition for post-conviction relief in the trial court arguing that his aggravated sentence violated Blakely. (Respondents' Exh. T) On July 21, 2005, the Honorable Frank T. Galati ruled that Blakely did not apply retroactively to Petitioner's case which was final before Blakely was decided. (Respondents' Exh. X) The trial court further found that even if Blakely applied, the aggravated sentence complied with Blakely because Petitioner's prior convictions were sufficient to subject Petitioner to an aggravated sentenced and did not have to be found by the jury. (Id.)

Accordingly, the trial court dismissed Petitioner's supplemental petition for post-conviction relief. (Id.)

On September 27, 2005, the Arizona Court of Appeals denied Petitioner's petition for review from the trial court's denial of his petition for post-conviction relief. (Respondents' Exh. Y) Petitioner did not seek further review in the State courts.

Thereafter, on August 7, 2006, Petitioner filed the pending petition for writ of habeas corpus alleging that: (1) his aggravated sentence violates the Sixth Amendment pursuant to Blakely; and (2) the trial court violated his Sixth Amendment right to self-representation. (docket # 1)

## ANALYSIS

Respondents assert that the Petition should be dismissed as untimely or, alternatively, because Petitioner's claims lack merit. Petitioner asserts that his Petition is timely and that his claims are meritorious.

**I. Statute of Limitations**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court. Before the AEDPA, virtually no time limit restrained the filing of federal habeas petitions. Calderon v. United States Dist. Court, 128 F.3d 1283, 1286 (9th Cir. 1997) (Beeler), *cert. denied*, 523 U.S. 1, and *cert. denied*, 523 U.S. 1061 (1998), *overruled in part on other grounds by* Calderon v. United States District Court (Kelly), 163 F.3d 530, *cert. denied*, 119 S.Ct. 1377 (1999). The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of-

- 4 -

(A) the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)(emphasis added).

### *"Final by Conclusion of Direct Review"*

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). In making this determination, it is significant that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4.

The Ninth Circuit recently addressed, as a matter of first impression, the question of when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of direct review" for purposes of 28 U.S.C. § 2244(d)(1). Summers v. Schriro, ___F.3d___, No. 05-16650, 2007 WL 738447, * 4 (9th Cir., March 13, 2007). The Ninth Circuit held that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)." Id. at * 1. The Summers court then explained that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." Id.

Prior to Summers, numerous courts had followed Isley in which the Ninth Circuit assumed, without deciding, that an Arizona pleading defendant's conviction becomes final upon sentencing because the guilty plea waives his right to direct appeal. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1055 (9th Cir. 2004); Pettijohn v. Schriro, No. CV-06-00948-PCT-NVW (MEA), 2007 WL 162688 (D.Ariz, Jan. 18, 2007); Gutierrez v. McDaniel, No. CV-06-0085-PHX-SRB (JRI), 2006 WL 3449098 (D.Ariz., Nov. 29, 2006); Jones v. Schriro, No. CV-05-3831-PHX-SRB (JRI), 2006 WL 2640618 (D.Ariz. Sept. 13,

1  2006); Bradford v. Schriro, CV-06-0530-PHX-NVW (MEA), 2006 WL 1722310 (D.Ariz. June 20, 2006);Levya v. Schriro, No. CV-04-1871-PHX-SRB (JRI), 2006 WL 1620301(D.Ariz. June 7, 2006); Bailey v. Schriro, No. 05-0650-PHX-ROS (JRI) 2006 WL 1543983, * 3 (D.Ariz. June 2, 2006); Lusian v. Kimble, No. 05-1399-PHX-DGC (ECV), 2006 WL 1305250 (D.Ariz. May 10, 2006).

Indeed, Respondents relied on Isley in support of their assertion that Petitioner's conviction became final on August 2, 2002, the date on which the trial court entered judgment and sentenced Petitioner. After Summers, it is now clear that Petitioner's conviction did not become final on the date of sentencing.

Under Summers, because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." Summers, ___ F.3d___, 2007 WL 738447, * 1. Petitioner pleaded guilty and was sentenced on August 2, 2002  By virtue of his plea, the only avenue of "direct" review was a Rule 32 of-right proceeding. Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of review under Rule 32. Ariz.R.Crim.P. 32.1, 32.4(a)(stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.") Petitioner filed a timely notice of Rule 32 review on October 28, 2002. (Respondents' Exh. K) On December 22, 2003, the trial court dismissed the Rule 32 of-right proceeding. (Respondents' Exh. P) Thereafter, the Court granted Petitioner an extension of time to file a petition for review to the Arizona Court of Appeals.

On March 12, 2004, Petitioner filed an timely notice of appeal. Thereafter, Petitioner requested leave to file a supplemental petition for review raising a Blakely claim. The Court of Appeals stayed the appeal to permit Petitioner to raise a Blakely claim to the trial court. On July 21, 2005, the trial court rejected Petitioner's Blakely claim on the ground that Blakely did

- 6 -

1 not apply retroactively to Petitioner's case which was final before Blakely was decided.
2 Alternatively, the court found that Petitioner's aggravated sentence complied with Blakely.
3 (Respondents' Exh. X)

4   On September 27, 2005, the Arizona Court of Appeals denied Petitioner's petition for
5 review from the trial court's denial of his Rule 32 petition. (Respondents' Exh. Y) Petitioner did
6 not seek review in the Arizona Supreme Court.  Therefore, AEDPA's one-year limitations
7 period commenced on or about September 28, 2005 and Petitioner had until September 28, 2006
8 to file a federal habeas petition.   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.
9 2001)(adopting the "anniversary" rule). Petitioner filed his Petition for Writ of Habeas Corpus
10 on August 7, 2006. Therefore, contrary to Respondents' assertion, it is timely and the Court will
11 consider the merits of Petitioner's claims.

12 **III. Merits of Petitioner's Claims**

13   **A. Blakely Claim**

14   In his first ground for relief, Petitioner asserts that his aggravated sentence on Count I
15 violates the Sixth Amendment because the trial court, rather than a jury, found the factors upon
16 which the aggravated sentence is based in violation of Blakely v. Washington, 542 U.S. 296
17 (2004).

18   Petitioner presented this claim to the state courts arguing that his aggravated sentence
19 violates Blakely. (Respondents' Exhs. S, T)  The trial court denied Petitioner's Blakely claim
20 finding that Blakely does not apply retroactively to cases, such as Petitioner's, that were final
21 before Blakely was decided. (Respondents' Exh. X) In view of Summers, Petitioner's case was
22 not final on direct review until September of 2005 well after Blakely was decided. See, *supra*
23 discussion at pages 4-6. Accordingly, the trial court erred in finding that Petitioner's conviction
24 was final before Blakely was decided. However, the State court alternatively addressed the
25 merits of Petitioner's Blakely claim.

26   Specifically, the trial court found that Petitioner's aggravated sentence complied with
27 Blakely because prior convictions "may be found by the court and need not be found by the

28
- 7 -

jury." (Respondents' Exh. X)  The appellate court affirmed the trial court's decision.  As discussed below, Petitioner has not shown that the state-court decision is contrary to, or based on an unreasonable application of, federal law.  Accordingly, he is not entitled to habeas relief based on his Blakely claim.

The rule announced in Blakely, does not apply to prior convictions.  United States v. Booker, 543 U.S. 220, 244 (2005).  The Ninth Circuit has "held that enhancing a defendant's sentence based on a prior conviction does not violate the Sixth Amendment as interpreted by Blakely . . .or Booker."  United States v. Ladwig, 432 F.3d 1001, 1006 (9th Cir. 2005).  In other words, prior convictions are not required to be found by a jury beyond a reasonable doubt.  Rather, judges may find prior convictions.  Ladwig, 432 F.3d at 1006 (9th Cir. 2005).  Similarly, the trial court may impose an aggravated sentence beyond the statutory maximum based on "facts reflected in the jury verdict or admitted by the defendant."  Blakely, 542 U.S. at 303-04.

In this case, the trial court properly found Petitioner's prior convictions based on the record.  The trial court also properly found that facts admitted by Petitioner constituted aggravating factors.  Specifically, the trial court relied on Petitioner's admissions in term 2.B of the plea agreement and Petitioner's admissions during the change of plea hearing that there were multiple victims, as listed in the plea agreement, and that Petitioner would pay restitution of over $90,000 to those victims. (Respondents' Exh. I at 88-90)  Under Blakely, facts admitted by a defendant may be used to support aggravating factors.  Indeed, the Blakely Court clarified that the trial judge may impose an aggravated sentence beyond the statutory maximum based on "facts reflected in the jury verdict or admitted by the defendant."  542 U.S. at 303-04.  Petitioner's admission in the plea agreement that there were multiple victims and that he owed more than $90,000 in restitution to those victims was sufficient to establish the facts used to enhance Petitioner's sentence.  Id.  As a result, in this case, all of the facts supporting the aggravating factors were properly found in compliance with Blakely.

**B.  Sixth Amendment Right to Self-Representation**

1  Petitioner further argues that the trial court violated his Sixth Amendment right to self-
2 representation. This claim lacks merit because, contrary to Petitioner's assertion, the trial court
3 granted Petitioner's request to proceed *pro se*.

4  The Sixth Amendment guarantees a criminal defendant the right to represent himself.
5 Faretta v. California, 422 U.S. 806, 819-20 (1975). To exercise that right, a defendant "must
6 make an unequivocal request to represent himself." Adams v. Carroll, 875 F.2d 1441, 1444 (9th
7 Cir. 1989). On January 16, 2002, Petitioner filed a motion to proceed *pro se*. (Respondents'
8 Exh. G) On January 30, 2002, the trial court held a hearing on the motion and granted
9 Petitioner's request. (Respondents' Exh. H) Appointed counsel's role was reduced to that of
10 "advisory counsel." (Respondents' Exh. H at 2) On April 23, 2002, Petitioner and the State
11 entered into a plea agreement, signed by Petitioner, the prosecutor, and advisory counsel.
12 (Respondents' Exh. I at 2) Thereafter, Petitioner represented himself at the sentencing hearing.
13 (Respondents' Exh. J) The record reflects that the trial court did not deny Petitioner his Sixth
14 Amendment right to self-representation. To the contrary, the trial court granted Petitioner's
15 request to proceed *pro se* and Petitioner represented himself during plea negotiations and at
16 sentencing. (Respondents' Exhs. H-J) In view of the foregoing, Petitioner's claim that he was
17 denied his right to self-representation fails.

**IV. Conclusion**

As discussed above, Petitioner's claims lack merit and do not provide a basis for § 2254 relief.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254 (docket # 1) **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file

- 9 -

1  specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
2  Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a
3  response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
4  Recommendation may result in the acceptance of the Report and Recommendation by the
5  District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
6  (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate
7  Judge will be considered a waiver of a party's right to appellate review of the findings of fact
8  in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule
9  72, Federal Rules of Civil Procedure.

DATED this 10th day of April, 2007.

Lawrence O. Anderson
United States Magistrate Judge

- 10 -